**BLANEY & KARAVAN, P.C.**
Kyle D. Weinberg, Esquire
Atty ID: 013882012
2123 Dune Drive, Suite 11
Avalon, New Jersey 08202
(609) 435-5368
Attorney(s) for the Plaintiff, Teresa McGrath, D.O.

| | |
|---|---|
| TERESA MCGRATH, D.O.<br><br>                    Plaintiff,<br><br>v.<br><br>RAINBOW PEDIATRICS, P.C., JEFFREY FLICK, D.O., THOMAS DIERKES, D.O., WILLIAM FREUND, D.O., AJIT MATHUR, M.D., JAMES PETRUCCI, D.O., XYZ BUSINESS ENTITIES (1-10), AND JOHN DOE INDIVIDUALS (1-20) *jointly, severally and in the alternative,*<br><br>                    Defendant(s).| SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAPE MAY COUNTY<br><br>Docket No.: CPM-L-<br><br>*Civil Action*<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff, TERESA MCGRATH, D.O. residing at 224 East Topeka Avenue, Wildwood Crest, Cape May County, New Jersey says by way of Complaint as follows:

### NATURE OF THE ACTION AND VENUE

1. This is an action pursuant to the New Jersey Law Against Discrimination ("LAD") N.J.S.A. §10:5-1, et seq., New Jersey Wage and Hour Law N.J.S.A. §34:11-56.2, and the Equal Pay Act 29 U.S.C.A. §206(d)(1), to remedy unlawful sexual and/or disability discrimination in the workplace and related reprisals.

2. Venue lies in the County of Cape May, the County in which Plaintiff resides and Defendants conduct business operations pursuant to R. 4:32(b).

## PARTIES

3.  The Plaintiff, TERESA MCGRATH, D.O. a female, was an "employee" of Defendant, RAINBOW PEDIATRICS, P.C. within the meaning of N.J.S.A. §10:5-5(f), within the meaning of N.J.S.A. §34:11-56.1(a), and within the meaning of 29 U.S.C.A. §203(e) since in or about 2009.

4.  Defendant, RAINBOW PEDIATRICS, P.C., owns and operates a pediatric group that provides clinical services with principal business offices at 2041 Route 9, Clermont, New Jersey 08210.

5.  Defendant, RAINBOW PEDIATRICS, P.C., is an "employer" of Plaintiff, TERESA MCGRATH, within the meaning of N.J.S.A. §10:5-5(e), within the meaning of N.J.S.A. §34:11-56.1(b) and within the meaning of 29 U.S.C.A. §203(d) during all times relevant to this action.

6.  Defendant, JEFFREY FLICK, D.O., a male, was during all times relevant to this action, a shareholder responsible, in whole or in part, of business decisions for Defendant, RAINBOW PEDIATRICS, P.C. and supervisor of Plaintiff, TERESA MCGRATH, who aided, abetted and participated in the illegal, improper and/or discriminatory conduct taken against Plaintiff. He is also Plaintiff's "employer" within the meaning of N.J.S.A. §34:11-56.1(b) and within the meaning of 29 U.S.C.A. §203(d).

7.  Defendant THOMAS DIERKES, D.O, a male, was during all times relevant to this action, a shareholder responsible, in whole or in part, of business decisions for Defendant, RAINBOW PEDIATRICS, P.C. and supervisor of Plaintiff, TERESA MCGRATH, who aided, abetted and participated in the illegal, improper and/or discriminatory conduct taken

against Plaintiff. He is also Plaintiff's "employer" within the meaning of N.J.S.A. §34:11-56.1(b) and within the meaning of 29 U.S.C.A. §203(d).

8. Defendant WILLIAM FREUND, D.O., a male, was during all ties relevant to this action, a shareholder responsible, in whole or in part, of business decisions for Defendant, RAINBOW PEDIATRICS, P.C. and supervisor of Plaintiff, TERESA MCGRATH, who aided, abetted and participated in the illegal discriminatory conduct taken against Plaintiff. He is also Plaintiff's "employer" within the meaning of N.J.S.A. §34:11-56.1(b) and within the meaning of 29 U.S.C.A. §203(d).

9. Defendant AJIT MATHUR, M.D., a male, was during all times relevant to this action, a shareholder responsible, in whole or in part, of business decisions for Defendant, RAINBOW PEDIATRICS P.C., and supervisor of Plaintiff, TERESA MCGRATH, who aided, abetted and participated in the illegal discriminatory conduct taken against Plaintiff. He is also Plaintiff's "employer" within the meaning of N.J.S.A. §34:11-56.1(b) and within the meaning of 29 U.S.C.A. §203(d).

10. Defendant, JAMES PETRUCCI, D.O., a male, was during all times relevant to this action, a shareholder responsible, in whole or in part, of business decisions for Defendant, RAINBOW PEDIATRICS, P.C. and supervisor of Plaintiff, TERESA MCGRATH, who aided, abetted and participated in the illegal discriminatory conduct taken against Plaintiff. He is also Plaintiff's "employer" within the meaning of N.J.S.A. §34:11-56.1(b) and within the meaning of 29 U.S.C.A. §203(d).

11. Defendants, XYZ BUSINESS ENTITIES 1-10 are fictitious names representing presently unknown business entities that were involved in the illegal, and/or improper discriminatory conduct described herein.

12. Defendants, JOHN DOES 1-20 are fictitious names representing presently unknown individuals, directors, managers, supervisors, employees and/or other representatives of Defendant, RAINBOW PEDIATRICS, P.C. and/or XYZ BUSINESS ENTITIES 1-10 who were involved in the illegal, and/or improper discriminatory conduct described herein.

## STATEMENT OF FACTS

13. In or about June 2004, Plaintiff TERESA MCGRATH, D.O., obtained a medical degree from the Philadelphia College of Osteopathic Medicine.

14. Plaintiff, TERESA MCGRATH, D.O. has been licensed to practice medicine in New Jersey since February 2008.

15. In or about 2008, Plaintiff, TERESA MCGRATH, D.O. had a job interview and multiple meetings with members of Defendant, RAINBOW PEDIATRICS, P.C.

16. During said meetings, Plaintiff, TERESA MCGRATH, D.O. was advised she would become a partner with Defendant, RAINBOW PEDIATRICS, P.C., if she worked full-time for three (3) years. This included working 4 days per week, taking call on designated weeks and weekends, and rounding at the hospital.

17. After considering the offer, Plaintiff, TERESA MCGRATH, D.O. advised Defendant, RAINBOW PEDIATRICS, P.C. that she could not fulfill those requirements because she had two young children at home and was planning to have a third child.

18. Plaintiff, TERESA MCGRATH, D.O., and Defendants agreed to a 3-day workweek schedule with call which was designated as "part-time". It was understood by both parties that once Plaintiff, TERESA MCGRATH, D.O. was ready to start the full-time schedule,

she would work for three years full-time performing the duties outlined in Paragraph 16.
After completing these terms it was understood she would become a partner.

19. After completing an internship and residency, Plaintiff, TERESA MCGRATH, D.O. was
hired by Defendant, RAINBOW PEDIATRICS, P.C. as a Pediatric Physician with a start
date in or about January 2009.

20. Plaintiff, TERESA MCGRATH, D.O. reasonably relied upon the representations of
Defendant, RAINBOW PEDIATRICS, P.C. and its shareholders, that Plaintiff, TERESA
MCGRATH, D.O. would be on the partnership track if she accepted the position.

21. In or about October 2014, Plaintiff, TERESA MCGRATH, D.O., had a meeting with
Defendant, THOMAS DIERKES, D.O., to discuss her moving to a full-time work schedule,
which included, among other things, additional duties and another work day per week.

22. Moreover, during said meeting, Defendant, THOMAS DIERKES, D.O. indicated to
Plaintiff, TERESA MCGRATH, D.O., that she would be made partner on January 1, 2018
and provided Plaintiff, TERESA MCGRATH, D.O., with a shareholder agreement to
review.

23. Plaintiff, TERESA MCGRATH, D.O. reasonably relied upon this promise of partnership in
continuing her employment with Defendant, RAINBOW PEDIATRICS, P.C.

24. Over the course of 2017, Plaintiff, TERESA MCGRATH, D.O. had multiple conversations
with Defendant, THOMAS DIERKES, D.O. in the workplace regarding her ongoing hip
and back pain. In fact, Plaintiff, TERESA MCGRATH, D.O. had to order stools for the
exam rooms in order to sit periodically through the workday. Plaintiff, TERESA
MCGRATH, D.O. advised Defendant, THOMAS DIERKES, D.O. the reason for ordering
the stools.

25. In or about September 2017, Plaintiff, TERESA MCGRATH, D.O., advised Defendant, THOMAS DIERKES, D.O., that her pain had significantly worsened. Subsequent to this meeting, Plaintiff, TERESA MCGRATH, D.O. was diagnosed with a labrum tear of the hip.

26. Plaintiff, TERESA MCGRATH, D.O., asked Defendant, THOMAS DIERKES, D.O. that her work day schedule be limited to approximately eight and a half (8 ½) hours a day to alleviate the accumulation of pain by the end of the day.

27. Defendants, RAINBOW PEDIATRICS, P.C., provided a reasonable accommodation as requested by Plaintiff, TERESA MCGRATH, D.O.

28. In or about December 2017, Plaintiff, TERESA MCGRATH, D.O. approached Defendant, THOMAS DIERKES, D.O., about what would happen with respect to her salary and partnership come January 1, 2018.

29. In response, Defendant, THOMAS DIERKES, D.O., indicated that "since you [Plaintiff] restricted your [Plaintiff's] hours, you [Plaintiff] should have assumed it would have affected things", or words to that effect.

30. Shortly thereafter, on or about December 18, 2017, Plaintiff, TERESA MCGRATH, D.O., met with Defendants, WILLIAM FREUND, D.O. and THOMAS DIERKES, D.O.

31. During said conversation, Plaintiff, TERESA MCGRATH, D.O.'s medical issues were discussed and Defendant, WILLIAM FREUND, D.O. advised Plaintiff, TERESA MCGRATH, D.O. that she "did not fit the business model" or words to that effect.

32. In or about February 2018, Plaintiff, TERESA MCGRATH, D.O. had surgery to address her torn labrum and was out of work approximately six (6) weeks.

33. On or about July 16, 2018, Plaintiff, TERESA MCGRATH, D.O. advised Defendants there was no need for her accommodation and could return to her practice without restrictions.

34. Thereafter, Defendant, RAINBOW PEDIATRICS, P.C. and its shareholders continued to deny Plaintiff, TERESA MCGRATH, D.O. partnership.

35. During all times relevant this litigation, Plaintiff, TERESA MCGRATH, D.O. was capable of performing her essential job functions of her job with or without reasonable accommodations.

36. During all times relevant to this litigation, it is upon information and belief that Defendants, JEFFREY FLICK D.O, THOMAS DIERKES, D.O., WILLIAM FREUND, D.O., AJIT MATHUR, M.D., and JAMES PETRUCCI, D.O. were making substantially more money than Plaintiff, TERESA MCGRATH, D.O. for doing almost identical work.

37. During the course of Plaintiff, TERESA MCGRATH's employment with RAINBOW PEDIATRICS, P.C., she had received less pay than that paid to males holding positions of comparable skill, effort, and responsibility for no legally valid reason.

38. Defendant, RAINBOW PEDIATRICS, P.C. and its shareholders illegally discriminated against Plaintiff, TERESA MCGRATH, D.O. with regard to wages based upon her status as a female and/or her disability.

39. As a proximate result of the above conduct, Plaintiff, TERESA MCGRATH, D.O. has suffered substantial loss of income and other pecuniary harm; diminished career opportunity; harm to her business reputation; loss of self-esteem, emotional trauma; and other harm, pain and suffering.

## COUNT ONE
## LAD SEX DISCRIMINATION

40. The Plaintiff repeats each and every allegation contained in Paragraphs 1 through 39 of the Complaint and incorporates the same herein as if repeated herein at length.

41. Defendants, JEFFREY FLICK, D.O., THOMAS DIERKES, D.O., WILLIAM FREUND, D.O., AJIT MATHUR, M.D., JAMES PETRUCCI, D.O, through their actions and/or failure to act aided and abetted Defendant, RAINBOW PEDIATRICS, P.C., in maintaining a work environment that was sexually discriminatory.

42. Defendants' aforementioned actions constitute unlawful sex discrimination in violation of the LAD, including but not limited to, sex discrimination in wages.

43. As a proximate result of the above conduct, Plaintiff has suffered substantial loss of income and other pecuniary harm; diminished career opportunity; harm to her business reputation; loss of self-esteem, disruption of her family life; emotional trauma; and other harm, pain and suffering.

WHEREFORE, Plaintiff, TERESA MCGRATH demands judgment against Defendants, RAINBOW PEDIATRICS, P.C.; JEFFREY FLICK, D.O.; THOMAS DIERKES, D.O.; WILLIAM FREUND, D.O.; AJIT MATHUR, M.D.; JAMES PETRUCCI, D.O; XYZ BUSINESS ENTITIES 1-10; and JOHN DOES 1-20 for compensatory damages, costs of suit, punitive damages, statutory tremble damages pursuant N.J.S.A. 10:5-13, interest, attorney's fees, and all such relief as the Court deems equitable and just.

## COUNT TWO
## LAD DISABILITY DISCRIMINATION

44. Plaintiff hereby repeats and incorporates by reference each and every allegation in paragraphs 1 through 43 above, as fully as though the same were here set forth at length.

45. The New Jersey Law Against Discrimination ("LAD") protects individuals who suffer from physical disabilities or health conditions which interfere with the normal functions of everyday life. The LAD prohibits employers from discriminating against disabled individuals, with respect to the terms and conditions of their employment. Specifically,

employers may not discriminate against or otherwise deprive employees of employment opportunities unless they can demonstrate that the employee's disability prevents them from performing the essential functions of their job, with or without reasonable accommodation.

46. Plaintiff suffered from a torn labrum and subsequently had surgery to address the same.

47. At all times relevant to this action, Plaintiff was capable of performing the essential functions of her job with or without reasonable accommodations.

48. Defendant, RAINBOW PEDIATRICS, P.C. and its shareholders unlawfully deprived Plaintiff of employment opportunities on account of her disability. Specifically, RAINBOW PEDIATRICS, P.C., deprived Plaintiff of the opportunity to become partner because of her disabilities.

49. Defendants' aforementioned actions constitute unlawful disability discrimination in violation of the LAD, including but not limited to, disability discrimination in wages.

50. As a result of the Defendant's wrongful conduct, Plaintiff has suffered substantial loss of income and other pecuniary harm; diminished career opportunity; loss of self-esteem; disruption of her family life; emotional trauma; and other harm, pain and suffering.

WHEREFORE, Plaintiff, TERESA MCGRATH demands judgment against Defendants, RAINBOW PEDIATRICS, P.C.; JEFFREY FLICK, D.O.; THOMAS DIERKES, D.O.; WILLIAM FREUND, D.O.; AJIT MATHUR, M.D.; JAMES PETRUCCI, D.O; XYZ BUSINESS ENTITIES 1-10; and JOHN DOES 1-20 for compensatory damages, costs of suit, punitive damages, statutory tremble damages pursuant N.J.S.A. 10:5-13, interest, attorney's fees, and all such relief as the Court deems equitable and just.

## COUNT THREE
## BREACH OF CONTRACT

51. The Plaintiff repeats each and every allegation contained in Paragraphs 1 through 50 of this Complaint and incorporates the same herein as if repeated herein at length.

52. Defendant, RAINBOW PEDIATRICS, P.C. entered an oral contract with Plaintiff by making a definite, clear and oral promise to Plaintiff that she would become partner on January 1, 2018.

53. This definite, clear and oral promise was made to Plaintiff by a person who had the authority to make this promise and the authority to bind the Defendant, RAINBOW PEDIATRICS, P.C.

54. Plaintiff acted in reliance upon this promise of partnership and she performed an act or acts, or declined to perform an act or acts based upon the promise.

55. Defendant, RAINBOW PEDIATRICS, P.C. and its shareholders failed to comply with the terms of that oral contract, and as a proximate result of the above conduct, Plaintiff has suffered substantial loss of income and other pecuniary harm; diminished career opportunity; harm to her business reputation; loss of self-esteem, disruption of her family life; emotional trauma; and other harm, pain and suffering, thus constituting a breach of the same.

WHEREFORE, Plaintiff, TERESA MCGRATH demands judgment against Defendants, RAINBOW PEDIATRICS, P.C.; JEFFREY FLICK, D.O.; THOMAS DIERKES, D.O.; WILLIAM FREUND, D.O.; AJIT MATHUR, M.D.; JAMES PETRUCCI, D.O; XYZ BUSINESS ENTITIES 1-10; and JOHN DOES 1-20 for compensatory damages, costs of suit, punitive damages, interest, attorney's fees, and all such relief as the Court deems equitable and just.

## COUNT FOUR
## CONSTRUCTIVE DISCHARGE

56. The Plaintiff repeats each and every allegation contained in Paragraphs 1 through 55 of this Complaint and incorporates the same herein as if repeated herein at length.

57. Defendants, RAINBOW PEDIATRICS, P.C.; JEFFREY FLICK, D.O.; THOMAS DIERKES, D.O.; WILLIAM FREUND, D.O.; AJIT MATHUR, M.D.; and JAMES PETRUCCI, D.O's actions and decisions were sex-based and/or disability-based and so severe and pervasive to cause any reasonable woman and/or disabled person to conclude that Plaintiff's conditions of employment were altered so as to create an intimidating, hostile and/or offensive work environment.

58. Defendants, RAINBOW PEDIATRICS, P.C.; JEFFREY FLICK, D.O.; THOMAS DIERKES, D.O.; WILLIAM FREUND, D.O.; AJIT MATHUR, M.D.; and JAMES PETRUCCI, D.O.'s failure to remedy the unlawful sexual and/or disability discrimination despite Plaintiff's repeated requests for the same constitutes a constructive discharge of her employment.

59. As a proximate result of the above conduct, Plaintiff has suffered substantial loss of income and other pecuniary harm; diminished career opportunity; harm to her business reputation; loss of self-esteem; disruption of her family life; emotional trauma, and other harm, pain and suffering.

WHEREFORE, Plaintiff, TERESA MCGRATH demands judgment against Defendants, RAINBOW PEDIATRICS, P.C.; JEFFREY FLICK, D.O.; THOMAS DIERKES, D.O.; WILLIAM FREUND, D.O.; AJIT MATHUR, M.D.; JAMES PETRUCCI, D.O; XYZ BUSINESS ENTITIES 1-10; and JOHN DOES 1-20 for compensatory damages, costs of

suit, punitive damages, interest, attorney's fees, and all such relief as the Court deems equitable and just.

## COUNT FIVE
## NEW JERSEY WAGE AND HOUR LAW

60. The Plaintiff repeats each and every allegation contained in Paragraphs 1 through 59 of this Complaint and incorporates the same herein as if repeated herein at length.

61. Defendants, RAINBOW PEDIATRICS, P.C.; JEFFREY FLICK, D.O.; THOMAS DIERKES, D.O.; WILLIAM FREUND, D.O.; AJIT MATHUR, M.D.; JAMES PETRUCCI, D.O's actions, as detailed in this Complaint were sex based and constitute illegal sex based discrimination in wages in violation of the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56.2.

62. As a proximate result of the above conduct, Plaintiff has suffered substantial loss of income and other pecuniary harm; diminished career opportunity; harm to her business reputation; loss of self-esteem; disruption of her family life; emotional trauma; and other harm, pain and suffering.

WHEREFORE, Plaintiff, TERESA MCGRATH demands judgment against Defendants, RAINBOW PEDIATRICS, P.C.; JEFFREY FLICK, D.O.; THOMAS DIERKES, D.O.; WILLIAM FREUND, D.O.; AJIT MATHUR, M.D.; JAMES PETRUCCI, D.O; XYZ BUSINESS ENTITIES 1-10; and JOHN DOES 1-20 for compensatory damages, costs of suit, punitive damages, interest, attorney's fees, and all such relief as the Court deems equitable and just.

## COUNT SIX
## EQUAL PAY ACT 29 U.S.C.A. §206(d)(1)

63. The Plaintiff repeats each and every allegation contained in Paragraphs 1 through 62 of this Complaint and incorporates the same herein as if repeated herein at length.

64. Defendants' actions, as detailed in this Complaint were sex based and constitute illegal sex based discrimination in wages in violation of the Equal Pay Act, 29 U.S.C.A. §206(d)(1).

65. As a proximate result of the above conduct, Plaintiff has suffered substantial loss of income and other pecuniary harm; diminished career opportunity; harm to her business reputation; loss of self-esteem,; disruption in her family life; emotional trauma; and other harm, pain and suffering.

WHEREFORE, Plaintiff, TERESA MCGRATH demands judgment against Defendants, RAINBOW PEDIATRICS, P.C.; JEFFREY FLICK, D.O.; THOMAS DIERKES, D.O.; WILLIAM FREUND, D.O.; AJIT MATHUR, M.D.; JAMES PETRUCCI, D.O; XYZ BUSINESS ENTITIES 1-10; and JOHN DOES 1-20 for compensatory damages, costs of suit, punitive damages, interest, attorney's fees, and all such relief as the Court deems equitable and just.

*BLANEY & KARAVAN, P.C.*
Attorney(s) for Plaintiff

Dated: December 21, 2018

By;

Kyle D. Weinberg, Esquire

## DEMAND FOR JURY TRIAL

A trial by jury is hereby demanded on all issues, in accordance with the Rules of Court.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10-2(b) demand is made that the Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## DESIGNATION OF TRIAL ATTORNEY

In accordance with R. 4:25-4, William G. Blaney, Esquire, is hereby designated as trial counsel for the Plaintiff, TERESA MCGRATH, in the above matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I, Kyle D. Weinberg, Esquire, attorney for the Plaintiff in the within action hereby certify that: to the best of my knowledge, the matter in controversy is not the subject of another pending or contemplated court action or arbitration, and that no other parties should be joined in this action.

BLANEY & KARAVAN, P.C.
Attorneys for Plaintiff

Dated: December 21, 2018

By: _____
        Kyle D. Weinberg, Esquire


## CERTIFICATION PURSUANT TO R.1:38-7(b)

I certify that the confidential personal identifiers have been redacted from documents

now submitted to the court, and will be redacted from all documents submitted in the future in

accordance with Rule 1:38-7(b).


BLANEY & KARAVAN, P.C.
Attorneys for Plaintiff

Dated: December 21, 2018

By: _____
        Kyle D. Weinberg, Esquire