[Doc. No. 43]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **TERESA MCGRATH, D.O.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RAINBOW PEDIATRICS, P.C., et al.,**<br><br>**Defendants.** | **Civil No. 19-4714 (MJS)** |

# O P I N I O N

This matter comes before the Court upon the "MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)" ("Motion") filed by plaintiff Teresa McGrath, D.O. ("plaintiff") [Doc. No. 43]. The Court is in receipt of the opposition filed by defendants Rainbow Pediatrics, P.C. ("defendant corporation") Jeffrey Flick, D.O., Thomas Dierkes, D.O., William Freund, D.O., Ajit Mathur, M.D., James Petrucci, D.O. ("defendant shareholders"), XYZ Business Entities (1-10), and John Doe Individuals (1-20) (defendant corporation, defendant shareholders, and unidentified business entities and individuals, collectively, the "defendants") [Doc. No. 46] as well as plaintiff's reply [Doc. No. 49]. The Court exercises its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R.

78.1. For the reasons to be discussed, plaintiff's Motion is **GRANTED.**

**Background**

On or about December 21, 2018, plaintiff filed a complaint in the Superior Court of New Jersey, Cape May County, Law Division against defendants, bringing claims alleging sexual and/or disability discrimination in employment and wages under the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. § 10:5-1, et seq., New Jersey Wage and Hour Law N.J.S.A. § 34:11-56.2, and the Equal Pay Act 29 U.S.C.A. 206(d)(1) as well as claims for breach of contract and constructive discharge. See generally, Plaintiff's Br. in Supp. of Mot., Weinberg Certification, Exhibit "A" (Complaint) [Doc. No. 43]. A Notice of Removal was subsequently filed and the matter was transferred to this Court. See Notice of Removal [Doc. No. 1].

Plaintiff was hired by defendant corporation as a Pediatric Physician, commencing employment in or about January 2009. Compl. at ¶ 19. According to plaintiff, defendants represented that she would be on a "partnership track" if she accepted the position and if she worked full-time for three (3) years. Compl. at ¶¶ 16, 20. For several years, plaintiff was unable to work full-time because she had two young children at home and was planning to have a third. Id. at ¶ 17. Then, in October 2014, plaintiff met with defendant Thomas Dierkes, D.O. to discuss her moving to a full-

time schedule. Id. at ¶ 21. Plaintiff alleges that during the meeting, Dr. Dierkes indicated to plaintiff that she would be made a partner on January 1, 2018 and provided her with a shareholder agreement to review. Id. at ¶ 22.

Plaintiff's original Complaint alleges she was unlawfully denied partnership after defendants agreed in 2017 to limit her workday schedule to approximately eight and a half (8 ½) hours a day in response to her request for a reasonable accommodation to alleviate her back and hip pain and pain relating to her labrum tear of the hip. Id. at ¶¶ 26-27. According to plaintiff, when she approached Dr. Dierkes later that year in December 2017 about her anticipated partnership, she was told "since you [Plaintiff] restricted your [Plaintiff's] hours, you [Plaintiff] should have assumed it would have affected things" or words to that effect. Id. at ¶ 28-29. Plaintiff alleges that shortly thereafter, she met with defendant William Freund, D.O. who advised her that she "did not fit the business model" or words to that effect. Id. at ¶ 30-31. In February 2018, plaintiff underwent surgery to address the labrum tear of her hip and remained out of work for approximately six (6) weeks. Id. at ¶ 32. On or about July 16, 2018, plaintiff advised defendants she was able to return to her practice without restrictions or accommodation. Id. at ¶ 33. Plaintiff alleges that defendants nevertheless continued to deny her partnership. Id. at ¶ 34. Plaintiff further alleges that during the course of her

employment, "she had received less pay than that paid to males holding positions of comparable skill, effort, and responsibility for no legally valid reason." Id. at ¶ 37.

Plaintiff now seeks leave to file an amended complaint to allege additional facts and include a claim for unlawful retaliation in violation of public policy under New Jersey law as set forth in Pierce v. Ortho Pharm. Corp., 84 N.J. 58 (1980) based upon information she contends was not available to her at the time she filed her original Complaint. Plaintiff's Br. in Supp. of Mot. at 2. Specifically, plaintiff claims certain information was learned through the depositions of defendant shareholders that the alleged adverse action taken against her was, in whole or in part, a result of complaints she raised dating back to 2016 regarding quality of care issues involving a nurse practitioner employed by defendant corporation and her refusal to supervise him. Id. During the deposition of defendant Jeffrey Flick, D.O. on or about February 22, 2021, Dr. Flick testified that prior to defendants making the decision to deny plaintiff a partnership interest, defendant shareholders held a meeting to discuss plaintiff's status. See Defendants' Br. in Opp., Exhibit "A", Deposition of Jeffrey Flick, D.O. at Tr. 28-30. Later in his testimony, Dr. Flick testified that "just by the fact that she did not want to have anything to do with [nurse practitioner] was part of the reasoning that they did not want her to be a partner, yes." Id. at Tr. 95:23-

25 to 96:1. Plaintiff submits that leave to amend the complaint is warranted because, at the time of filing her original Complaint, she was unaware that the issues she raised concerning the nurse practitioner's quality of care factored into defendants' decision to deny her partnership.

**Discussion**

A party may amend its pleading once as a matter of right within either (1) twenty-one days of serving it; or (2) where the pleading is one to which a responsive pleading is required, the earlier of twenty-one days following service of the responsive pleading or service of a motion to dismiss under Rule 12(b), (e), or (f) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 15(a)(1). Once those deadlines have expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Where a party moves to amend after the deadline in a scheduling order has passed, the "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020). "A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." Id.

In the instant case, a scheduling Order was entered on November 25, 2019 setting the deadline within which to amend the pleadings at March 1, 2020. [Doc. No. 18]. Several scheduling orders were entered thereafter extending deadlines relating to pretrial discovery and dispositive motions; however, at no point was an extension given for the time to seek amendments. Because leave to amend is being sought beyond the March 1, 2020 deadline, plaintiff must surmount both Rule 16(b)(4) and Rule 15(a)(2), which will be addressed in sequence.

**a. Rule 16(b)(4)**

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b)(3)(A). The requirement of setting a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." FED. R. CIV. P. 16(b) advisory committee's note (1983 Amendment); see also Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990) ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.").

Whether "good cause" exists under Rule 16 depends in large part on the diligence, or lack thereof, of the moving party. See

GlobespanVirata, Inc. v. Texas Instruments, Inc., Civ. No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting Rent-A-Ctr. v. Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. Apr.9, 2003)); Premier Comp Sols., LLC, 970 F.3d at 319. Put succinctly, "[a]bsent diligence, there is no 'good cause.'" Chancellor v. Pottsgrove Sch. Dist., 501 F.Supp.2d 695, 702 (E.D.Pa. Aug. 8, 2007); see also Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. See Stallings ex rel. Estate of Stallings v. IBM Corp., Civ. No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); Kennedy v. City of Newark, Civ. No. 10-1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant had the knowledge necessary to

file a motion to amend prior to the expiration of the Court's deadline as set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. See Dimensional Comm'ns, Inc. v. Oz. Optics, Ltd., 148 Fed. App'x. 82, 85 (3d Cir.2005) (upholding trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment).

Neither plaintiff nor defendants have specifically addressed Rule 16(b)(4), however, "the fact that neither party specifically names Rule 16 or its required good-cause showing does not preclude the Court from applying that standard to plaintiff's motion to amend." Sabatino v. Union Twp., No. CIV.A. 11-1656 JLL, 2013 WL 1622306, at *3 (D.N.J. Apr. 15, 2013).

Here, plaintiff submits that the facts giving rise to the proposed additional claim were initially learned in January 2021 and February 2021 when plaintiff deposed the shareholder defendants. Plaintiff specifically maintains it was learned at the deposition of Dr. Flick that the defendant shareholders held a meeting to discuss the plaintiff's status, and their decision to deny partnership was based, in whole or in part, on the issues plaintiff raised concerning the nurse practitioner and her refusal

to supervise him.[1] There is nothing in the record indicating that, prior to the deposition, plaintiff was aware that these circumstances played a role in the decision to deny her partnership. To the contrary, plaintiff's knowledge of the reasons for her denial appears to have been limited to the explanation given to her that she did not work the requisite number of hours and "did not fit the business model." Plaintiff's Br. in Supp. of Mot. at 7-8. Defendants have not presented facts that would permit this Court to reach the opposite conclusion. Accordingly, there is no indication that plaintiff knew, or should have known, prior to the March 1, 2020 deadline for amending the pleadings or at any other time prior to the deposition, that her concerns with the nurse practitioner factored into defendants' decision to deny her partnership.[2] Upon learning these facts, plaintiff promptly filed the present Motion seeking leave to amend. The Court therefore finds plaintiff exercised reasonable diligence in bringing the Motion upon acquiring new information, and "good cause" exists under Rule 16(b)(4) to permit leave to amend the Complaint.

[1] This is supported by the deposition testimony of Dr. Flick: "just by the fact that she did not want to have anything to do with [nurse practitioner] was part of the reasoning that they did not want her to be a partner, yes." Flick Tr. at 95:23-25, 96:1.

[2] The Court notes that Rule 16(b)(4) does not require a party to exercise an advanced or superior level of diligence, but rather requires only reasonable diligence. Sabatino, No. CIV.A. 11-1656, 2013 WL 1622306, at *5.

**b. Rule 15(a)(2)**

Where "good cause" has been shown, a court must then evaluate whether the movant has satisfied Rule 15(a)(2). See Premier Comp Sols., LLC, 970 F.3d at 319. "Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The court should freely give leave when justice so requires.'" Spartan Concrete Prod., LLC v. Argos USVI, Corp., 929 F.3d 107, 115 (3d Cir. 2019) (quoting FED. R. CIV. P. 15(a)(2)). Notwithstanding this liberal standard, denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, prejudice to the opposing party, or futility.[3] Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Under Rule 15, the decision to amend rests within the sound discretion of the Court. Id. at 150; Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981). "Pursuant to their discretion under Rule 15, courts generally grant leave to amend where, during the course of discovery, a party discovers new evidence." Sabatino, No. CIV.A. 11-1656, 2013 WL 1622306, at *6 (internal quotations omitted); see, e.g., Kronfeld v. First Jersey Nat'l Bank, 638

[3] The present Motion represents plaintiff's first attempt to amend the Complaint. Therefore, a potential failure to cure deficiencies of amendments previously allowed is not implicated here.

F.Supp. 1454, 1460 (D.N.J. June 20, 1986) (granting motion to amend upon discovery of new evidence where it did "not appear that the amendment would cause undue delay or that plaintiffs [had] a dilatory motive").

**1. Undue Delay**

"While simple delay cannot justify denying leave to amend by itself, delay that is 'undue' — a delay that is protracted and unjustified — can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave." Mullin v. Balicki, 875 F.3d at 151. There is no presumptive period in which delay becomes undue. Id. Thus, an assessment of undue delay requires courts to "focus on the movant's reasons for not amending sooner" while "bearing in mind the liberal pleading philosophy of the federal rules." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (internal citations omitted).

As previously discussed, nothing in the record suggests plaintiff knew, or should have known, prior to the deposition that her concerns with the nurse practitioner factored into defendants' decision to deny her partnership. To the contrary, plaintiff's knowledge of the reasons for her denial appears to have been limited to the explanation given to her that she did not work the requisite number of hours and "did not fit the business model" (Plaintiff's Br. in Supp. of Mot. at 7-8), and defendants have not

presented facts leading to a different conclusion. Upon learning this information, plaintiff promptly filed the present Motion seeking leave to amend. See Enzymotec Ltd. v. NBTY, Inc., 754 F.Supp.2d 527, 537 (E.D.N.Y.2010) (finding that filing a motion to amend two months after acquiring the new information is sufficient to show diligence) (citation omitted). Accordingly, the Court finds plaintiff has provided a reasonable explanation for not amending earlier, and this factor weighs in favor of granting leave. See Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984) ("The question of undue delay . . . requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier . . . ").

**2. Bad Faith or Dilatory Motive**

Defendants do not assert plaintiff acted with bad faith or dilatory motive in bringing the Motion, and the Court does not otherwise find facts in the record leading to such an inference.

**3. Prejudice**

When evaluating prejudice to the non-moving party in the context of a motion to amend, courts in the Third Circuit consider whether amendment would impair the non-moving party's "ability to present its case." Dente v. Saxon Mortg., Civ. A. No. 11-6933, 2012 WL 1664127, at *2 (D.N.J. May 11, 2012) (citing Heyl & Patterson Int'l, Inc., 663 F.2d at 426). Specifically, courts evaluate "whether the amendment would force the opponent to expend

significant additional resources to conduct discovery and prepare for trial, as well as whether it would significantly delay resolution of the action." Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp., No. CV155477, 2017 WL 4404567, at *3 (D.N.J. Oct. 4, 2017).

Defendants argue that allowing plaintiff to amend her Complaint to add an additional claim would prejudice them due to the delay and time and expense required to conduct further discovery. Defendants' Br. in Opp. at 4. However, the Court finds defendants will suffer only minimal prejudice if plaintiff is permitted to amend. By the Motion, plaintiff seeks leave to add a single claim against the same exact parties. A substantial amount of the discovery relevant to the proposed additional claim appears to have already been disclosed through the exchange of documents and by deposition testimony. To the extent any further discovery is required, defendants are likely the source of much of the information germane to the issue of whether plaintiff's handling of affairs involving the nurse practitioner was a factor in their decision to deny her partnership. Nevertheless, the Court will work with the parties to extend discovery deadlines as necessary. The Court notes, however, that because plaintiff's Motion does not seek a sweeping expansion of the Complaint and only proposes to add a single claim, any such discovery would likely be confined to relatively discreet matters and therefore would not require

defendants to expend substantial additional resources or significantly delay resolution of the action. Lastly, based on its review of the record, the Court does not find evidence to suggest plaintiff has acted in any way to obtain a tactical advantage by adding the proposed additional claim at this time. Because the Court concludes defendants will only suffer minimal prejudice if amendment is permitted, this factor weighs in favor of granting leave.

**4. Futility**

Futility means the complaint, as amended, would fail to state a claim upon which relief could be granted. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)(citation omitted). To determine whether a claim is futile, district courts apply the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). See id. (citation omitted); Travelers Indemnity Co. v. Dammann & Co., Inc., 594 F.3d 238, 243 (3d Cir. 2010) (citation omitted). The Court must accept as true all well-pleaded factual allegations raised in plaintiff's proposed amended pleading and must determine whether the facts, as alleged, support a facially plausible claim on the grounds asserted. See Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).

It is well settled that a pleading will suffice if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78

(2009) (quoting Fed. R. Civ. P. 8(a)(2)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. In other words, in order to withstand a Rule 12(b)(6) motion, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id.; Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Twombly, 550 U.S. at 555).

Defendants argue plaintiff's proposed additional claim is futile because it is barred by the statute of limitations and the claim will not relate back to the original Complaint. The statute of limitations and relation back arguments are the only futility arguments raised by the defendants in their opposition brief and are addressed accordingly.[4]

[4] The Court recognizes that defendants may raise, in subsequent motion practice or a trial, arguments and defenses not raised in their brief to challenge and defend against this claim.

When a plaintiff files a timely legal action regarding an injury[5] and then later seeks to assert a potentially out-of-time claim in the context of an amended complaint, two independent and alternative concepts can apply to permit such an amendment: the discovery rule, which considers that "the accrual of a cause of action is delayed until the injured party discovers, or by the exercise of reasonable diligence and intelligence should have discovered[,] that he may have a basis for an actionable claim" (Staub v. Eastman Kodak Company, 320 N.J. Super. 34, 42–43 (App. Div. 1999)(internal citations and quotations omitted),[6] [7] and the relation back doctrine, which permits for amendment where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading" (FED. R. CIV. P. 15(c)(1)(B)).[8] Each will be addressed in sequence.

[5] The timeliness of plaintiff's original Complaint has not been disputed in this matter.

[6] See also Katz v. Ambit Ne., LLC, No. 320CV01289BRMDEA, 2021 WL 2680184, at *3 (D.N.J. June 29, 2021)(applying discovery rule as set forth in Staub to cause of action conferred by New Jersey law).

[7] The proposed Pierce claim plaintiff seeks to allege is a cause of action arising under New Jersey state common law. The parties agree that the statute of limitations period applicable to this claim is two years. See O'Lone v. New Jersey Department of Corrections, 313 N.J. Super. 249, 256 (App. Div. 1998).

[8] "Rule 15(c)(1)(A) gives a party asserting a state law claim the benefit of the state law standard for the relation back of claim, in the event it is more lenient than the federal standard."

The Court finds that the Motion was filed within the statute of limitations period and is permissible under the discovery rule because plaintiff only discovered (or reasonably should have discovered) the basis for the Pierce claim on the date of the first deposition conducted by plaintiff's counsel, which was in January 2021. The Court disagrees with defendant's position that the Pierce claim should have been formulated long before now and included in the original complaint because plaintiff raised the issues regarding the nurse practitioner to Dr. Dierkas in 2016. While plaintiff obviously had first-hand knowledge that she wrote the letters to Dr. Dierkes and that she refused to supervise the nurse practitioner, there is nothing in the record to suggest plaintiff was aware that these facts played a role in the decision to deny her partnership. Rather, plaintiff became aware of these facts in the first instance during Dr. Flick's deposition, in which he testified: "just by the fact that she did not want to have anything to do with [nurse practitioner] was part of the reasoning that they did not want her to be a partner, yes." Flick Tr. at 95:23-

---

Heinrich v. Jewish Cmty. Ctr. Metrowest, Inc., No. CV 18-17665 (SRC), 2020 WL 3790517, at *2 (D.N.J. July 7, 2020). The New Jersey standard set forth in New Jersey Court Rule 4:9-3 is modeled after and nearly identical to FED. R. CIV. P. 15, providing that new claims in an amended pleading relate back if they "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading; but the court . . . may, upon terms, permit the statement of a new or different claim or defense in the pleading." N.J. Ct. R. 4:9-3.

25, 96:1. Until this point, plaintiff's knowledge of the reasons for her denial was limited to the explanation given to her that she did not work the requisite number of hours and "did not fit the business model." Plaintiff's Br. in Supp. of Mot. at 7-8. Defendants have not presented facts that would permit this Court to conclude that plaintiff knew, or should have known, of the basis for the Pierce claim.

Even assuming plaintiff's claim was filed outside the two-year statute of limitations period applicable to a Pierce claim, amendment would be permissible nevertheless under the relation-back doctrine. The relation-back doctrine "essentially relaxes the statute of limitations in certain circumstances such that a claim set forth in 'an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations.'" Heinrich v. Jewish Cmty. Ctr. Metrowest, Inc., No. CV 18-17665, 2020 WL 3790517, at *2 (D.N.J. July 7, 2020)(citing Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010). Ultimately, "[r]elation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." Mayle v. Felix, 545 U.S. 644, 646 (2005). Here, the Court can readily discern that plaintiff's proposed Pierce claim is predicated on the same alleged adverse employment actions set forth in the original Complaint, and it therefore arises out of the

conduct, transaction, or occurrence. Thus, even if the claim was barred by the statute of limitations, the Court finds plaintiff's proposed additional claim relates back and, therefore, does not suffer from futility. This factor, accordingly, weighs in favor of granting leave.

**Conclusion**

For the reasons stated above, plaintiff's Motion seeking leave to file the proposed amended complaint [Doc. No. 43] is granted. An appropriate order shall issue.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

At: Camden, New Jersey